LARRY W. GABRIEL – Bar No. 68329
COREY R. WEBER – Bar No. 205912
JASON B. KOMORSKY – Bar No. 155677
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: lgabriel@ebg-law.com
cweber@ebg-law.com
jkomorsky@ebg-law.com

Special Litigation Counsel for Plaintiff,
Kavita Gupta, Chapter 7 Trustee
for the Bankruptcy Estates of debtors
Gabriel Technologies Corporation
and Trace Technologies LLC

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>GABRIEL TECHNOLOGIES CORPORATION, et al.,<br><br>Debtor. | Case No. 13-30340-DM<br><br>(Jointly Administered with Case No. 13-30341)<br><br>Chapter 7<br><br>Adv. No. |
| KAVITA GUPTA, Chapter 7 Trustee for the Bankruptcy Estates of Gabriel Technologies Corporation and Trace Technologies LLC,<br><br>Plaintiff,<br><br>vs.<br><br>WHGC P.L.C., a California professional law corporation, and WANG, HARTMAN, GIBBS & CAULEY, P.L.C., a California professional law corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | **COMPLAINT FOR:**<br><br>**1. LEGAL MALPRACTICE; and**<br><br>**2. DISALLOWANCE OF CLAIM**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Kavita Gupta, Chapter 7 Trustee ("Plaintiff" or "Trustee") for the Bankruptcy Estates of debtors Gabriel Technologies Corporation and Trace Technologies LLC, complains and alleges against Defendants WHGC P.L.C. and Wang, Hartman, Gibbs & Cauley, P.L.C. (together, "WHGC") and Does 1-10 (collectively, "Defendants") as follows:

## I. INTRODUCTION

1. In or about October 2008, Gabriel Technologies Corporation ("Gabriel") and its wholly-owned subsidiary, Trace Technologies LLC ("Trace") (collectively, the "Debtors"), commenced intellectual property litigation against Qualcomm Incorporated and others (the "Qualcomm Defendants") in the United States District Court for the Southern District of California entitled *Gabriel Technologies Corporation et al. v. Qualcomm Inc., et al.,* Case No. 3:2008-cv-01992-AJB-MDD (the "Qualcomm Litigation").

2. Defendants held themselves out as experienced practitioners of intellectual property law. In reliance upon Defendants' purported skill and expertise in this area, Debtors retained Defendants to provide advice and counsel to Debtors concerning all aspects of the Qualcomm Litigation and to prosecute the case on Debtors' behalf.

3. Defendants failed to exercise reasonable care and skill in the prosecution of the Qualcomm Litigation and in the advice they rendered to Debtors. Specifically, and despite rulings that placed Defendants on notice of significant deficiencies in Debtors' complaint, Defendants failed to advise the Debtors that the claims asserted in the Qualcomm Litigation were meritless, continued to prosecute the Qualcomm Litigation even though they knew or should have known that the case was not meritorious, engaged in litigation misconduct by, among other things, continuing to file pleadings, briefs, and supporting papers, that they knew or should have known were objectively baseless, failed to verify the *bona fides* of filings, and, otherwise, took actions in maintaining the Qualcomm Litigation that they knew or should have known would lead to the recovery of attorneys' fees as against the Debtor for maintaining litigation in bad faith.

4. Specifically, Defendants breached their duties to Debtors by failing to advise Debtors to discontinue the Qualcomm Litigation despite the issuance of an order from the District Court stating that the "[d]efendants have presented significant, unrebutted evidence that [Debtors'] lawsuit is likely unmeritorious, and brought in bad faith to salvage Gabriel" and that "there is a strong likelihood Defendants will ultimately prove this case is exceptional, and attorneys' fees will be warranted at the conclusion of the litigation." Despite the warnings in the District Court's order and the attorneys' fee provisions of the California Unfair Trade Secret Act ("CUTSA") and

the Patent Act (35 U.S.C. § 285), Defendants failed to adequately re-evaluate the merits of the Debtors' claims, to advise Debtors that their claims should be dismissed, and to warn Debtors that continued prosecution of their claims could result in an award of their opponents' attorneys' fees. Defendants had a fiduciary obligation and duty of care to Debtors to conduct a reasonable inquiry into the merits of the Debtors' claims and verify and validate the allegations therein. Defendants failed to do so, Debtors justifiably relied upon Defendants and, as a result, Debtors were harmed.

5. Specifically, by September 2012, all of the Debtors' claims in the Qualcomm Litigation were dismissed on a motion for summary judgment. The District Court subsequently granted the Qualcomm Defendants' motion for attorneys' fees against Debtors in the amount of $12.4 million (the "Fee Order").

6. Defendants' failure to properly advise Debtors concerning the merits of their claims in the Qualcomm Litigation and the consequences of a loss, including the substantial likelihood that Debtors would be ordered to pay the Qualcomm Defendants' massive attorneys' fees, caused Debtors to persist with the prosecution of claims that Defendants knew or should have known were objectively baseless. Further, Defendants engaged in litigation misconduct during the course of the Qualcomm Litigation. Indeed, the Court concluded that every filing made by Defendants after September 20, 2010 violated Rule 11 of the Federal Rules of Civil Procedure. As a result of Defendants' negligent advice and misconduct, the District Court entered the Fee Order, and the Debtors were driven into bankruptcy.

## II. <u>PARTIES</u>

7. Plaintiff is the acting Chapter 7 Trustee for the Gabriel and Trace Bankruptcy Estates, which are being jointly administered in United States Bankruptcy Court Case Nos. 13-30340-DM and 13-30341-DM, under Case No. 13-30340-DM (the "Bankruptcy Case"). The Bankruptcy Case was commenced on February 14, 2013 (the "Petition Date"), and is currently pending before the San Francisco Division of the United States Bankruptcy Court for the Northern District of California. The Bankruptcy Court entered an Order for Relief in the Bankruptcy Case on February 14, 2013 (the "Order for Relief"). Pursuant to the provisions of Title 11 of the United States Code, Plaintiff is authorized to bring this action on behalf of the Debtors' estate.


Case: 15-03078 Doc# 1 Filed: 10/05/15 Entered: 10/05/15 19:06:09 Page 3 of 13

8. Defendant Wang, Hartman, Gibbs & Cauley P.L.C. is, and at all times herein mentioned was, a professional law corporation organized and existing under the laws of the State of California and providing legal services in the State of California.

9. Defendant WHGC P.L.C. is, and at all times herein mentioned was, a professional law corporation organized and existing under the laws of the State of California and providing legal services in the State of California.

10. Defendants, and each of them, had an attorney-client relationship with the Debtors in connection with the prosecution of the Qualcomm Litigation.

11. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1-10, inclusive, and therefore sues these Does by such fictitious names. Plaintiff will amend this Complaint to allege the Does' true names and capacities when ascertained. Each of the Does is in some manner responsible for some or all of the acts and/or omissions alleged herein.

12. At all times relevant, Defendants were the agents, servants, employees, partners, principals, representatives and/or alter egos of each other and in doing the things alleged herein were acting within the course and scope of their authority as such agents, servants, employees, partners, principals, representatives and/or alter egos with the permission and consent of the remaining defendants.

## III. **REQUIRED PLEADING DISCLOSURE**

13. In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Trustee hereby alleges that at least some of the claims for relief asserted in this Complaint constitute core proceedings under 28 U.S.C. § 157(b). The other claims for relief asserted herein are related to this bankruptcy case as the outcome on those claims could have an effect on the bankruptcy estate. Regardless, consent is hereby given to the entry of final orders and judgment by the Bankruptcy Court.

///

///

///

///



Case: 15-03078 Doc# 1 Filed: 10/05/15 Entered: 10/05/15 19:06:09 Page 4 of 13

## IV. JURISDICTION, VENUE, AND TIMELINESS

14. Jurisdiction in California is proper because Defendants contracted with the Debtors to perform legal services in California and because Defendants, and each of them, committed legal malpractice in a manner that caused injury in California.

15. Jurisdiction and venue in this Court is proper insofar as Defendants, by filing a proof of claim in the Debtors' bankruptcy proceeding, have voluntarily submitted to the jurisdiction of this Court for all counterclaims that might be asserted against Defendants.

16. This action is timely pursuant to 11 U.S.C. § 108(a), that provides that a trustee may commence an action on the later of any applicable limitations period, or two years after an order for relief is entered. In this case, the District Court entered the Fee Order on February 1, 2013, and the Petition Date was February 14, 2013. As of the Petition Date, the limitations period set forth in CCP § 340.6 for bringing this action had not expired. On or about February 10, 2015, Defendants and the Trustee executed an Agreement to Toll Statute of Limitations (the "Tolling Agreement"). The Tolling Agreement, which was extended by agreement of the parties, expires on October 5, 2015.

## V. BACKGROUND INFORMATION

17. Debtors filed their original complaint in the Qualcomm Litigation on or about October 24, 2008. Debtors were initially represented by the Texas-based firm of Munck Carter, P.C., with a sole practitioner located in the Southern District of California acting as local counsel.

18. In or about April 2009, Debtors retained WHGC as local counsel in the Qualcomm Litigation.

19. On or about April 29, 2009, Debtors filed their First Amended Complaint in the Qualcomm Litigation. The First Amended Complaint was signed and filed by WHGC.

20. On or about September 14, 2009, Debtors filed their Second Amended Complaint in the Qualcomm Litigation. The Second Amended Complaint was signed and filed by WHGC.

21. On or about October 9, 2009, Debtors filed their Third Amended Complaint in the Qualcomm Litigation. The Third Amended Complaint was signed and filed by WHGC.


Case: 15-03078 Doc# 1 Filed: 10/05/15 Entered: 10/05/15 19:06:09 Page 5 of 13

22. On or about December 22, 2009, Munck Carter P.C. filed a motion to withdraw as attorneys of record for the Debtors in the Qualcomm Litigation. Munck Carter P.C.'s motion to withdraw was granted on or about December 30, 2009.

23. As of December 30, 2009, WHGC was the Debtors' sole counsel of record in the Qualcomm Litigation.

24. On or about January 11, 2010, WHGC signed and filed a Fourth Amended Complaint on behalf of Debtors in the Qualcomm Litigation. The Fourth Amended Complaint asserted claims for (a) breach of contract, (b) correction of inventorship pursuant to 35 U.S.C. § 256, (c) declaratory judgment of ownership interest in patents, and (d) misappropriation pursuant to the California Uniform Trade Secrets Act.

25. In or about March 2010, Debtors retained new counsel to replace Munck Carter, P.C. WHGC remained counsel of record in the Qualcomm Litigation.

26. On September 20, 2010, the District Court in the Qualcomm Litigation issued an order granting the Qualcomm Defendants' motion to require Debtors to post a bond in the amount of $800,000 in order to continue to prosecute the Qualcomm Litigation ("Bond Order"). In the Bond Order, the District Court expressed skepticism about the validity of Debtors' claims and suggested that Debtors may be found liable for the defendants' attorneys' fees if Debtors were unsuccessful in the litigation. In particular, the District Court concluded that the Qualcomm Defendants had "presented significant, unrebutted evidence that Plaintiffs' lawsuit is likely unmeritorious, and brought in bad faith to salvage Gabriel."

27. After the Bond Order was issued, Debtors relied on the purported expertise and advice of their counsel, including WHGC, to post the $800,000 bond and to continue prosecuting their claims. Defendants had a duty to investigate the merits of the Debtors' complaint and independently assess the merits of Debtors' claims; conversely, Debtors had a right to rely on the conclusions reached and advice given by its counsel—or, in this case, its counsel's failure to give proper advice.

28. At no time did WHGC inform Debtors that their claims were meritless, advise Debtors to discontinue the Qualcomm Litigation, or warn Debtors of the likelihood that the

District Court would award attorneys' fees in the event that Debtors continued to pursue claims that Defendants, as Debtors' trusted counsel, should have known were meritless.

29. After the majority of Debtors' claims were disposed of on motions to dismiss and for summary judgment, on or about September 28, 2012, the District Court issued an order granting summary judgment to the Qualcomm Defendants in the Qualcomm Litigation and dismissing all of Debtors' remaining claims. The Qualcomm Defendants subsequently filed a motion seeking an award of attorneys' fees in an amount exceeding $12 million. As part of that motion, the Qualcomm Defendants sought to hold Defendants liable for their objectively unreasonable decision to continue to prosecute this action despite the Qualcomm Litigation court's repeated rulings regarding the merits of the claim.

30. On or about February 1, 2013, the District Court issued the Fee Order. The Court held, among other things, that the Debtors' case was "exceptional" under 35 U.S.C. § 285 because the Debtors' patent claims were objectively baseless and brought in subjective bad faith. The Court further held that Debtors "could not have reasonably expected success on the merits of the patent claims without knowing the identity of the alleged omitted inventors." With respect to the Debtors' trade secrets claims, the Court concluded that an award of fees was justified under CUTSA Section 3426.4, concluding that the misappropriation of trade secret claims were "objectively specious" and maintained "in subjective bad faith."

31. Pursuant to the Fee Order, Debtors were ordered to pay attorneys' fees in the amount of $12,401,014.51, which amount includes forfeiture of the $800,000 bond posted by Debtors in response to the Bond Order.

32. In addition, in the Fee Order, the District Court imposed Rule 11 sanctions on WHGC for its role in the Qualcomm Litigation. The District Court concluded that WHGC had "offered no justification for its decision to continue filing documents on Plaintiffs' behalf" after the Bond Order warned WHGC "of the substantial deficiencies in Plaintiffs' case." The District Court admonished that "WHGC had an obligation to review [the Bond Order] and undertake a reasonable investigation into the merits of the case," and concluded that "WHGC did not do so, and instead continued to file documents with the Court without performing the requisite


Case: 15-03078 Doc# 1 Filed: 10/05/15 Entered: 10/05/15 19:06:09 Page 7 of 13

reasonable inquiry under the circumstances." The Court found that every filing made by Defendants after the Court's Bond Order violated Defendants' Rule 11 obligations.

33. On the Petition Date, Debtors filed Chapter 11 petitions in the Bankruptcy Court for the Northern District of California.

34. On March 18, 2014, the Fee Order was affirmed by the United States Court of Appeals for the Federal Circuit.

## VI. CLAIMS FOR RELIEF

### A. FIRST CLAIM FOR RELIEF –LEGAL MALPRACTICE

35. Plaintiff realleges Paragraphs 1-34 above as if set forth in full here.

36. Defendants held themselves out as experienced practitioners of intellectual property law.

37. In reliance upon Defendants' purported skill and expertise, Debtors retained Defendants as Debtors' attorneys in connection with the Qualcomm Litigation.

38. Defendants, and each of them, owed a duty of care to Debtors as their attorneys.

39. Defendants failed to exercise reasonable care and skill as that required of other attorneys in the community and were otherwise negligent in undertaking to perform legal services for Debtors by, including but not limited to: (a) failing to competently evaluate the merits of the claims for relief alleged in the Qualcomm Litigation; (b) providing false, incomplete and inaccurate advice to Debtors concerning the merits of the claims for relief alleged in the Qualcomm Litigation; (c) failing to competently advise Debtors concerning their exposure to an order directing them to pay the Qualcomm Defendants' attorneys' fees; and (d) allowing the Qualcomm Litigation to proceed after the issuance of the Bond Order without performing any due diligence into the *bona fides* of the Debtors' claims.

40. Defendants, as officers of the Court and fiduciaries to the Debtors, had an independent obligation to investigate the merits of Debtors' claims and, in the event that Defendants determined that such claims were not meritorious, refuse to advocate or make assertions to the Court that they knew or should have known lacked an objective basis.


Case: 15-03078 Doc# 1 Filed: 10/05/15 Entered: 10/05/15 19:06:09 Page 8 of 13

41. If Defendants had properly evaluated Debtors' claims for relief in the Qualcomm Litigation and provided Debtors with accurate and complete advice concerning the merits of those claims, including Debtors' potential exposure to an order directing the payment of the Qualcomm defendants' attorneys' fees, Debtors would not have continued prosecuting the Qualcomm Litigation. Moreover, even had Debtors wanted to continue prosecution, had Defendants acted competently and made a reasonable inquiry regarding the matters set forth in pleadings, briefs, and supporting materials, they would have refused to sign or file such documents with the Court that were, as found by the Court, objectively baseless and, otherwise, recused themselves from the Qualcomm Litigation rather than repeatedly submitting documents to the Court that violated Rule 11. Had Defendants met their legal obligations to the Debtor and to the Court, the Qualcomm Litigation would not have proceeded and Debtors would not have been subject to a ruling requiring them to pay opposing counsel's attorneys' fees. As a direct and proximate result of Defendants' malpractice, Debtors were damaged in an amount exceeding $12.4 million, in an amount to be proven at trial.

**B. <u>SECOND CLAIM FOR RELIEF - DISALLOWANCE OF CLAIM</u>**

42. Plaintiff realleges Paragraphs 1- 41 above as if set forth in full here.

43. On or about August 16, 2013, Defendants filed a proof of claim in the bankruptcy case (Claim No. 260-1) in the amount of $40,569.91.

44. As a result of Defendants' malpractice and acts and omissions identified above, Defendants' Proof of Claim should be disallowed in its entirety.

## VI. <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff prays for judgment as follows:

**A. First Claim for Relief**:

1. For compensatory damages according to proof but in an amount exceeding $12.4 million, in an amount to be proven at trial;

2. For interest on such sum at the legal rate;

**B. Second Claim for Relief**:

1. Disallowance of Defendants' Proof of Claim;



Case: 15-03078 Doc# 1 Filed: 10/05/15 Entered: 10/05/15 19:06:09 Page 9 of 13

**On All Claims for Relief**:

1. For attorneys' fees, costs and expenses incurred herein, as allowed by law;

2. For such other and further relief as the Court may deem just and proper.

DATED: October 5, 2015

EZRA BRUTZKUS GUBNER LLP

By: ______________________________
LARRY W. GABRIEL
Special Litigation Counsel for Plaintiff,
KAVITA GUPTA, Chapter 7 Trustee
for the Bankruptcy Estates of debtors
Gabriel Technologies Corporation and
Trace Technologies LLC

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: October 5, 2015

EZRA BRUTZKUS GUBNER LLP

By: ______________________________
LARRY W. GABRIEL
Attorneys for Plaintiff,
KAVITA GUPTA, Chapter 7 Trustee
for the Bankruptcy Estates of
Gabriel Technologies Corporation and
Trace Technologies LLC

| Attorney of Party Name, Address. Telephone & Fax Numbers, and California State Bar Number<br><br>LARRY W. GABRIEL – SBN 68329<br>COREY R. WEBER – SBN 205912<br>JASON B. KOMORSKY – SBN 155677<br>EZRA BRUTZKUS GUBNER LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Telephone: (818) 827-9000<br>Facsimile: (818) 827-9099<br>Email: lgabriel@ebg-law.com<br>cweber@ebg-law.com<br><br>*Special Litigation Counsel for Plaintiff Kavita Gupta, Chapter 7 Trustee for the Bankruptcy Estates of Gabriel Technologies Corporation and Trace Technologies LLC* | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION** | |
| In re:<br><br>GABRIEL TECHNOLOGIES CORPORATION *et al.*,<br><br>Debtor. | CASE NUMBER: 13-30340-DM<br><br>(Jointly Administered with Case No. 13-30341)<br><br>CHAPTER 7<br><br>ADVERSARY NUMBER: |
| KAVITA GUPTA, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF GABRIEL TECHNOLOGIES CORPORATION AND TRACE TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>Versus<br><br>WHGC P.L.C., a California professional law corporation, and Wang, Hartman, Gibbs & Cauley, P.L.C., a California professional law corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN AN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on a date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance of Summons: ____________________

Clerk of Court

By: ________________________________
Deputy Clerk



Case: 15-03078 Doc# 1 Filed: 10/05/15 Entered: 10/05/15 19:06:09 Page 11 of 13

B104 (FORM 104) (08/07)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** Kavita Gupta, Chapter 7 Trustee for the Bankruptcy Estates of Gabriel Technologies Corporation and Trace Technologies LLC | **DEFENDANTS** WHGC P.L.C., a California professional law corporation, and Wang, Hartman, Gibbs & Cauley, P.L.C., a California professional law corporation |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Larry W. Gabriel, Esq. / Corey R. Weber, Esq.<br>Ezra Brutzkus Gubner LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367 (818) 827-9000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**COMPLAINT FOR 1. LEGAL MALPRACTICE; AND 2. DISALLOWANCE OF CLAIM**

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(a)(2)(A)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation(other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et. seq.*
- ☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☒ Check if a jury trial is demanded in complaint | Demand $ **According to Proof** |

Other Relief Sought: **Objection to Proof of Claim;**
**For interest at the legal rate;**
**For attorneys' fees, costs and expenses incurred herein, as allowed by law; and**
**For such other and further relief as the Court may deem just and proper.**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>GABRIEL TECHNOLOGIES CORPORATION et al., | BANKRUPTCY CASE NO.<br>13-30340-DM<br>(Jointly Administered with Case No. 13-30341) | |
| DISTRICT IN WHICH CASE IS PENDING<br>NORTHERN DISTRICT | DIVISIONAL OFFICE<br>SAN FRANCISCO | NAME OF JUDGE<br>DENNIS MONTALI |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>October 5, 2015 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>LARRY W. GABRIEL | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.